Maria R. Clear v. Commissioner.
Clear v. Commissioner
Docket No. 25578.
United States Tax Court
1951 Tax Ct. Memo LEXIS 42; 10 T.C.M. (CCH) 1087; T.C.M. (RIA) 51332; November 15, 1951
*42 Petitioner, in the year 1926, acquired by inheritance a 10-family tenement house. In the year 1941 the city authorities ordered the building closed because of structural defects. It remained unoccupied until 1946 when it was sold. Held, that since petitioner has failed to prove basis she has not shown that she suffered a loss on the sale of real property and, accordingly, she is not entitled to a 1947 capital loss deduction carried over from the year 1946. Maria R. Clear, pro se. Robert M. Willan, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency against the petitioner for the taxable year 1947 in the amount of $190. The question presented for decision is as follows: Did the respondent err in denying petitioner a deduction in 1947 for a capital loss carry-over from the year 1946 with respect to the sale of certain real property? Findings of Fact Petitioner is a resident of Brooklyn, New York. She duly filed her income tax return for the calendar year 1947 with the collector of internal revenue for the first district of New York. On her return for the year 1946 petitioner reported a net *43 loss from the sale or exchange of property other than capital assets in the amount of $8,075. In her schedule of gains and losses attached to this return, she reported the sale of a 10-family tenement as follows: Date acquired
December 1926
Cost or other basis
$30,000
Expense of sale and cost of improve-
ments subsequent to acquisition
75
Depreciation allowed or allowable
12,000
Gross sales price
10,000
Loss
8,075
Petitioner acquired this real property by inheritance in the year 1926. In 1941 the City of New York ordered the building closed because of structural defects. It remained unoccupied until sold in 1946. In her return for the year 1947 petitioner reported a capital loss carry-over from the 1946 sale of her real property. This capital loss carry-over was explained by the following memorandum attached to the return: Memorandum of last year's return
1946
including deduction allowance this year
1947
March 12, 1948
U.S. Treasury Department
Dept. of Internal Revenue
Washington, D.C.
Total Capital Loss shown on 1946 return
$8000
Deducted in 1946
1000
Balance carried over
7000
Capitol [sic] loss deducted in 1947
1000
(as per attached Schedule "D")
Balance
6000
*44 1. Kind of
2. Date
Gross Sales
Expense
Deprecia-
Gain or
Property
Acquired
Price
Cost
of Sale
tion
Loss
10-family Tenement
Dec. 1926
$10000
30000
75
12000
8075
The respondent determined that the petitioner was not entitled to a capital loss carry-over in the year 1947 because no loss was sustained on the sale of the property in 1946 and petitioner was not entitled to a capital loss carry-over from 1946 to 1947 with respect to this sale. Opinion HILL, Judge: The issue presented concerns the question whether petitioner was entitled to a capital loss carry-over in the year 1947 for a capital loss which she allegedly suffered in 1946 on the sale of real property. Apparently it is petitioner's position that she was in error in not reporting the sale of the real property on her 1946 tax return as a sale of a capital asset and that she is entitled to a capital loss carry-over for the year 1947. Petitioner has failed to introduce any evidence as to the basis of the property on the sale of which she allegedly suffered a loss. Accordingly, for failure of proof as to basis we hold that petitioner has not shown error in respondent's *45 denial to her of the deduction of the loss claimed. H. W. Wahlert, 17 T.C. - (October 10, 1951). Decision will be entered for respondent.